**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JARED  JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-01379-TWP-MJD |
| | ) | |
| BRIAN  SMITH Superintendent, Indiana | ) | |
| Department of Corrections, Plainfield | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jared Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-04-0301. For the reasons explained in this Entry, Johnson's habeas petition must be **denied**.

**Discussion**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On April 22, 2014, Officer C. Rolland wrote a Report of Conduct in case IYC 14-04-0301

charging Johnson with attempt or conspiracy to commit battery. The Report of Conduct states:

> On 04-22-14 at approximately 5:04 PM I Officer C. Rolland was signaled by
> Sergeant S Manning to the north side kitchen walk. I, Officer C. Rolland, witnessed
> Offender Johnson, Jared #150371 and Offender Johnson, Aaron DOC#956904
> squaring off in what look like an attempt to fight. Sergeant S. Manning secured
> Offender Johnson, Aaron. I and Officer T. Dennis approached Offender Johnson,
> Jared whom I instructed to stop and place his hands on his head. Offender Johnson,
> Jared turned from Officer T. Dennis and I in an attempt to avoid being taken into
> custody. I and Officer T. Dennis moved toward Offender Johnson, Jared catching
> him not far from where the altercation took place. I secured his right arm and
> Officer T. Dennis secured his left arm. Offender Johnson, Jared started to resist
> Officer T. Dennis and myself. I instructed Officer T. Dennis that we would assist
> the Offender to the ground. Officer T. Dennis was securing Offender Johnson, Jared
> left hand when I discovered a sharpened edge pointed piece of metal secured around
> the right wrist of Offender Johnson, Jared that was covered by his coat. The
> sharpened edge point piece of metal was secured to Offender Johnson's wrist with
> a piece of what appeared to be an eye glass retainer cord. The weapon was secured
> on my person. Officer T. Dennis then finished securing Offender Johnson in
> mechanical restraints. Offender Johnson was then assisted to his feet and escorted
> to the Shift Office for photographs then the Health Services Unit and then the
> Restrictive Housing Unit.

On April 26, 2014, Johnson was notified of the charge of attempt or conspiracy to commit

battery and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening

Report." Johnson was notified of his rights, pled not guilty and requested the appointment of a lay

advocate. He requested a witness, Offender Aaron Johnson, and requested statements and photos

as physical evidence.

The hearing officer conducted a disciplinary hearing in IYC 14-04-0301 on May 11, 2014,

and found Johnson guilty of the charge of attempt or conspiracy to commit battery. In making this

determination, the hearing officer considered the offender's statements, staff reports, evidence

from witnesses, and photographic evidence. The hearing officer recommended and approved the

following sanctions: 360 days disciplinary segregation, a 360 day deprivation of earned credit time, and a demotion from credit class II to credit class III.

Johnson appealed to the Facility Head and the Appeal Review Officer without success. His petition for writ of habeas corpus followed.

### C. Analysis

The grounds for relief raised by Johnson include the following: 1) he was denied physical evidence; 2) the evidence was insufficient to find him guilty; 3) he was denied an impartial decision maker; 4) he was denied lay representation; and 5) Indiana Law and Department of Correction policies and procedures were violated.

### 1.    Physical Evidence

Johnson asserts that he was denied the physical evidence he requested at screening. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

In this case, the record shows that the hearing officer considered the photos and statements Johnson requested. Specifically, Johnson requested the witness statements of Offender Aaron

Johnson and the two officers noted on the Report of Conduct, as well as photographic evidence. All of this evidence was presented at his hearing and considered by the hearing officer in determining Johnson's guilt.

Johnson apparently wanted to review all of this evidence to prepare his defense, but was unable to do so. Even if Johnson was not permitted to review the evidence he requested, this evidence was not exculpatory as is apparent from the record in this proceeding.[1] In addition, Johnson has not explained how he was prejudiced by this failure. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 342 F.3d at 666.

### 2.  Sufficiency of the Evidence

Johnson argues that there is not sufficient evidence to sustain his conviction because no assault took place and no fight occurred. But, Johnson was charged and found guilty of **attempt** or conspiracy to commit battery.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the conduct report which stated that Johnson was squaring off in an attempt to fight; Sgt. Manning's statement (which was consistent with the conduct report) and Johnson's possession of a sharp weapon, that Johnson was planning and attempting to batter the other inmate with a weapon. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472

---

[1] Johnson was provided a copy of these documents during the briefing of his petition.

U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Accordingly, there was some evidence to support the conviction and no relief is warranted on this basis.

### 3. Impartial decision maker

Johnson next claims that he was denied an impartial decision maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Johnson's claim of a biased hearing officer is based on Johnson's claim of insufficient evidence. The fact that Johnson disagrees with the hearing officer's decision is insufficient to show bias. *Piggie,* 342 F.3d at 666 ("Adjudicators are entitled to a presumption of honesty and integrity.").

### 4. Lay Advocate

Johnson also argues that his due process rights were violated because he was not permitted to have a specific lay advocate. *Wolff* only guarantees the right of a lay advocate to inmates who are illiterate or in cases when the complexity of the issues is great. *Wolff*, 418 U.S. at 570; *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Here, Johnson was provided a lay advocate and he had no right to any particular lay advocate. No relief is warranted on this basis.

**5.      Department of Correction Policies**

Johnson argues that violations of Department of Correction ("DOC") policies occurred during his disciplinary proceeding. However, Johnson cannot challenge DOC policy or violations of state law in a habeas petition because violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. Accordingly, Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  9/28/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JARED JOHNSON
DOC # 150371
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel